## Wilson Estate

*W. A. O'Donnell, Jr.,* for accountant.

*Owen Biddle,* for Episcopal Hospital, petitioner.

*Pierce Archer, Jr., John E. Flynn* and *Edward M. David,* for other charitable institutions.

HOLLAND, P. J., October 7, 1949.—Petitioner, Episcopal Hospital, on August 6, 1948, filed its petition for the opening, review, and amending of the adjudication upon the account of the Pennsylvania Company for Banking and Trusts, the surviving trustee, and the personal representative of the deceased individual trustee, of a trust for decedent's widow who had died. The will provided that at the death of the widow, a legacy of $10,000 was to go to Kensington Hospital for Women and after one or more pecuniary legacies, the residue

was given to Montgomery Hospital, which residue was awarded to that hospital.

It having been represented that Kensington Hospital for Women had discontinued operations permanently and was filing its account in the Court of Common Pleas of Philadelphia County, now since disposed of, wherefore the trust had failed, the court, in the adjudication, appointed Leonard F. Markel, Jr., Esq., as amicus curiae with the powers of a master to take evidence with the view of awarding the legacy to a cognate objective under the application of the cy pres doctrine. Upon the receiving of the report of the amicus curiae, it was indicated in the adjudication, the court would award the fund in a supplemental adjudication.

The positions of petitioner are that it had no notice of the proceedings in this court in regard to this legacy of $10,000, and that the legacy to the Kensington Hospital was vested in the Kensington Hospital at the time of the death of testator's widow, and that, it being so vested, was awarded to petitioner in the general award by the Court of Common Pleas of Philadelphia County of the assets of Kensington Hospital under the cy pres theory, although it was not specifically awarded amongst those general assets.

Answers were filed by Kensington Hospital for Women and by the Pennsylvania Company for Banking and Trusts, the surviving trustee.

As to the matter of notice, the Kensington Hospital for Women in paragraph (b) of its answer shows rather conclusively that petitioner was given full notice before the master in the proceeding in the Court of Common Pleas in Philadelphia as to all the details of this legacy in question and that the matter was pending before the Orphans' Court of Montgomery County. In that paragraph is cited excerpts from the record of the proceeding in the Common Pleas Court of Philadelphia County before the master showing that full disclosure

of the situation was made to counsel for petitioner. In said paragraph the page numbers of testimony before the master in Philadelphia is referred to.

Whether petitioner received notice of this matter pending before the Orphans' Court of Montgomery County, however, is of no moment, because it is clear that petitioner was entitled to no such notice. It did not give the accountants in this court any written notice of its alleged interest and demanding notice of the time and place of the audit. Section 46 (c) of the Fiduciaries Act of June 7, 1917, P. L. 447, provides that no interested party is entitled to actual notice of the filing of an account unless he, she or it, has given written notice to the fiduciary of his interest, in which case only, is he, she or it entitled to receive actual notice of the filing of the account. This is superseded by section 6, Rule 3, of the Uniform Orphans' Court Rules, but this latter rule of court reënacts substantially the provisions of the section of the Fiduciaries Act of June 7, 1917. The accountants in this case received no written demand for notice of the filing of the account nor of the time and place of the audit thereof, so, therefore, petitioner was entitled to no other notice than that provided by the general notice by advertisement required to be given by the register of wills.

The contention of petitioner is that the legacy was vested in the Kensington Hospital for Women at the death of testator subject to the life interest of the widow, or at least that the legacy vested in the Kensington Hospital for Women immediately upon the death of the widow, and that, therefore, when the Court of Common Pleas of Philadelphia awarded the entire assets to petitioner, that court included in its award this vested interest in this legacy. With this reasoning I cannot agree. I need not decide the point as to the question of vesting or when it occurred. Certainly at the death of the widow Kensington Hospital for

Women had the equitable interest in the pecuniary legacy which would be converted into an absolute legal interest upon the award of it to this legatee by the Orphans' Court of Montgomery County. Of course, it could only be awarded to the legatee if it existed and was performing its functions for which it was organized. As a matter of fact, as well as of law, in all these cases where the cy pres doctrine is applied, the legatee incapable of taking usually had an admitted vested interest, at least equitable, if not absolutely legal. It is in the jurisdiction of the distributing court to which the fiduciary is answerable in its accounts to decide all questions relative to the legacy, both as to the identity of the legatee, its capability of receiving the legacy, and the applying of the cy pres doctrine as the circumstances shall indicate.

Petitioner in its petition and in its brief and arguments, completely overlooks the question of jurisdiction. It could be readily admitted, that Kensington Hospital for Women had a vested interest in this legacy, but that would not oust in any sense the jurisdiction of the Orphans' Court of Montgomery County, in making the award of the legacy and in deciding all questions relative to the award. Until it actually falls into the hands of the legatee by virtue of the award of this court no other court can possibly have any jurisdiction in regard to its destiny. Certainly the Court of Common Pleas of Philadelphia in determining that all the assets of Kensington Hospital for Women which had been possessed by it up to that time and for which it had accounted, were to go to Episcopal Hospital, could, in so doing, not invade the jurisdiction of this court as to the destiny of this $10,000 legacy before this court made an award thereof.

I hold, therefore, that this court has exclusive jurisdiction over the disposition of this legacy up to and including the time it actually makes an award thereof

and this includes any questions in regard to the application of the cy pres doctrine in regard thereto, and this court is not bound in any way whatsoever by the decision of the Court of Common Pleas of Philadelphia County in the proceeding hereinabove referred to in which it awarded other assets of Kensington Hospital for Women to petitioner, Episcopal Hospital, which award was affirmed by the Supreme Court of Pennsylvania.

The surviving trustee, who is a respondent in this proceeding, requests a fee to its counsel and reimbursement for out of pocket expenses. The latter are allowed, and there is awarded to its counsel a fee of $100 to be paid out of the fund.

And now, October 7, 1949, the petition is dismissed, costs to be paid out of the fund.